IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTHEW SEXTON, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. |
| v. | ) ) | |
| FRANKLIN FIRST FINANCIAL, LTD, and FREDERICK L. ASSINI, | ) ) ) | ECF CASE |
| Defendants. | ) ) | |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 09 2008 ★
BROOKLYN OFFICE

BIANCO, J.
LINDSAY, M.J.

## COMPLAINT

Plaintiff Matthew Sexton ("Sexton" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, for their Complaint against Defendants, Franklin First Financial, Ltd. ("Franklin First") and Frederick L. Assini (collectively "Defendants") state as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Articles 6 and 19 and the New York Codes Rules and Regulations §§138-2.1 *et. seq.* ("New York Labor Articles") to recover unpaid minimum wages and overtime compensation and for other relief. This action is brought as a nationwide collective action pursuant 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. §16(b), and upon 28 U.S.C. §1331.

3. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff Sexton is a former Loan Officer employed by Defendants who has been subjected to Defendants' illegal compensation practices.

6. Plaintiff Sexton was employed by Defendants as a Loan Officer in Richmond County, New York within the last three years.

7. Pursuant to 29 U.S.C. §216(b) of the FLSA, Plaintiff Sexton's written consent to become a party plaintiff is attached hereto as Exhibit A.

8. Defendant Franklin First Financial, Ltd. provides mortgage banking services to consumers in New York State and elsewhere. At all relevant times, Franklin First has been an employer under the FLSA and the New York Labor Articles.

9. At all relevant times, Defendant Frederick L. Assini has been the President of Franklin First; exercised operational control over Franklin First; controlled significant business functions of Franklin First; determined employee salaries and made hiring decisions; and acted on behalf of and in the interest of Franklin First in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Franklin First Loan Officers challenged in this Complaint. As such, at all relevant times, Defendant Assini has been an employer under the FLSA and the New York Wage and Hour Law.

10. This Court has personal jurisdiction over each Defendant under N.Y.C.P.L.R. §§ 301 and 302 as a result of the following during the relevant time period:

(a) Franklin First has continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and has otherwise been present, within New York (availing itself of the legal privileges of doing business within New York) by, *inter alia*, maintaining, possessing, and operating offices within New York; selling mortgage-related financial goods and services within New York to New York residents and others; and entering into contracts with individuals (including Loan Officers) within New York to provide employment services at its New York offices. Franklin First has been the agent of Defendant Assini with respect to the foregoing acts because, *inter alia*, those acts have been performed and undertaken with the knowledge and consent of Assini and for his benefit, and Assini has exercised control over Franklin First in its performance and undertaking of those acts.

(b) The statutory violations alleged herein involving Loan Officers who have worked at Franklin First's New York offices have arisen directly from, and are substantially related to, Franklin First's transacting of business and contracting within New York, namely, *inter alia*, contracting with, employing, and otherwise doing business with Plaintiffs Sexton and other Loan Officers at Franklin First's New York offices. Franklin First has been the agent of Assini with respect to the foregoing acts, because, *inter alia*, those acts have been performed and undertaken with the knowledge and consent of Assini and for his benefit, and Assini has exercised control over Franklin First in its performance and undertaking of those acts.

(c) Franklin First and Assini have committed the statutory violations alleged herein

3

involving Loan Officers who have worked at Franklin First's New York offices either within New York or outside of New York, but in either case have caused such Loan Officers to suffer lost wages and other harm, and reasonably should have expected them to suffer such harm, within New York; and Franklin First has regularly done and solicited business within New York and derived substantial revenue from goods used and consumed, and served rendered, within New York; used and possessed real property within New York; and derived substantial revenue from interstate commerce. Franklin First has been the agent of Assini with respect to the foregoing acts, because, *inter alia*, those acts have been performed and undertaken with the knowledge and consent of Assini and for his benefit, and Assini has exercised control over Franklin First in its performance and undertaking of those acts.

## **FACTS**

11. Defendant Franklin First is a mortgage bank and brokerage firm that has been operating in the mortgage business in the State of New York and elsewhere.

12. Plaintiff Sexton and all other similarly situated persons are Loan Officers currently or formerly employed by Defendants in New York and elsewhere.

13. All Loan Officers employed by Defendants during the statutory period had essentially the same job duties.

14. Pursuant to Defendants' uniform company-wide polices and procedures, the primary duty of Plaintiff and other similarly situated Loan Officers was to sell residential mortgage loans.

15. Defendants managed Plaintiff's and other similarly situated Loan Officers' employment, including the amount of overtime worked. Defendants dictated,

4

controlled, and ratified the wage and hour and all related employee compensation policies of Franklin First.

16. Defendants' wage and hour practices and policies have been uniform and centrally disseminated.

17. Per Defendant's uniform company-wide policies, Plaintiff and all similarly situated Loan Officers did not receive a weekly guaranteed salary of at least $455.00.

18. At all relevant times, Plaintiff and all similarly situated Loan Officers have routinely worked in excess of 40 hours per week without overtime compensation. Plaintiffs and the similarly situated Loan Officers have been required to arrive early and work late. They have frequently worked on weekends.

19. Plaintiff and similarly situated Loan Officers were not properly paid overtime for hours worked in excess of 40 per week..

20. During the statutory period, the named Plaintiff and similarly situated loan officers routinely worked hours for which they were not paid the minimum wage..

21. Neither Plaintiff nor the similarly situated Loan Officers were required to record their time worked and Defendants failed to maintain accurate time records as required by the FLSA and the New York Labor Articles.

## **GENERAL ALLEGATIONS**

22. Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

23. Plaintiff Sexton, individually, and on behalf of all similarly situated current and former employees of Franklin First, including its subsidiaries and affiliated companies, brings this action as a national collective class action under the FLSA to recover, *inter alia*, unpaid minimum wages and overtime compensation and statutory penalties owed to

Plaintiffs and all other similarly situated Loan Officers employed by, or formerly employed by, Franklin First, including its subsidiaries and affiliated companies.

24. Defendants' practice of failing to pay Plaintiff and all similarly situated employees minimum wages and/or overtime compensation when these employees worked in excess of forty (40) hours per week has violated the FLSA and New York Labor Articles.

25. Defendants have failed to pay minimum wages and/or overtime wages to Plaintiff and other similarly situated Loan Officers during their employment by intentionally, willfully, and improperly designating the position of Loan Officer as exempt from overtime requirements.

26. As a result of this unlawful practice, Plaintiff and the similarly situated Loan Officers suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS OF THE FLSA CLASS OF LOAN OFFICERS

27. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

28. Plaintiff seeks to proceed as a collective action with regard to the first Prayer for Relief, pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons:

> All persons who worked as Franklin First Loan Officers at any time from three years prior to the filing of this action to the entry of judgment in this action who give their consent in writing to become party plaintiffs ("FLSA Class").

29. Plaintiff and other members of the FLSA Class are similarly situated because, *inter alia*, they have all had similar duties; performed similar tasks; been subjected to the

6

same requirements under the FLSA to be paid overtime wages unless properly exempted thereunder; been subjected to similar pay plans; been required to work and have worked in excess of forty (40) hours per week; and have not been paid overtime for all overtime hours worked.

30. Defendants have encouraged, permitted, and required Plaintiff and other members of the FLSA Class to work more than forty (40) hours per week without overtime compensation.

31. Defendants have known that Plaintiff and other members of the FLSA Class have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive Plaintiff and other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

32. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and other members of the FLSA Class.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
29 U.S.C. §201 ET SEQ.
FAILURE TO PAY MINIMUM WAGES**

33. Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

34. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

35. Defendants routinely and regularly failed to pay class members the applicable minimum

7

hourly wage, in violation of 29 U.S.C. §206(a). As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY OVERTIME

36. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

37. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

38. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Franklin First is an enterprise engaged in commerce and its employees are engaged in commerce.

39. At all times material to this action, Plaintiff and all members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §207, *et. seq.*

40. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

41. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay members of the FLSA Class overtime compensation as required by the FLSA.

42. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime pay requirements set forth in Section 207(a)(1) of the FLSA, 29 U.S.C.

8

§207(a)(1) of the FLSA. None of the FLSA's overtime exemptions apply to Plaintiff and the other members of the FLSA Class because, *inter alia*, they have not been paid a guaranteed salary of at least $455.00 a week and have not otherwise met the requirements for coverage under and exemptions. Moreover, upon information and belief, Plaintiff and other similarly situated Loan Officers were subject to pay deductions by Defendants that defeat any claim to exemption.

43. Plaintiff and the other members of the FLSA Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA Class and has deprived them of overtime compensation.

44. In the course of perpetrating these unlawful practices, Defendants have willfully failed to keep accurate records of all hours worked by Loan Officers.

45. Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the FLSA, and have not acted in good faith with respect to the conduct alleged herein.

## STATE-WIDE CLASS ALLEGATIONS

46. Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as Loan Officers at any of Franklin First's offices in New York, with respect to the claims plead in Count III and IV of this Complaint.

47. Fed. R. Civ. P. 23(b)(3) provide that a cause of action may be maintained as a class action if:

a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b) There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

c) The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d) The representative parties will fairly and adequately protect the interests of the class; and,

e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definitions

48. Plaintiff Sexton seeks certification of a class consisting of:

All persons who have worked as Franklin First loan officers, at any of Franklin First's offices within the State of New York, at any time from six years prior to the filing of this action to the entry of judgment in this action ("New York Class").

## Numerosity

49. Plaintiff satisfies the numerosity requirements as the proposed classes consist of hundreds of class members. The proposed class can be identified and located using Franklin First's payroll and personnel records. Therefore, the class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

## Common Questions of Fact or Law

50. There are questions of fact and law common to each class that predominate over any questions affecting only individual members. The questions of law and fact common to each class arising from Defendants' actions include, without limitation, the following:

   a. Whether the class members have qualified for exempt status;

   b. Whether Defendants conducted an analysis of class members' compensation before failing to pay them overtime compensation;

   c. Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them overtime;

   d. Whether Loan Officers have been uniformly classified as exempt;

   e. Whether Defendants have failed to pay Plaintiff and class members all compensation due to them;

   f. Whether Plaintiff and class members have been expected or required to work in excess of 40 hours per week;

   g. Whether Plaintiff and class members have regularly worked in excess of 40 hours per week;

   h. Whether Defendants have kept accurate records of actual loan officer time worked;

   i. Whether Defendants' practice have violated the overtime provisions of the New York Labor Articles;

   j. Whether Defendants' failure to pay overtime has been willful, and whether it has been undertaken in good faith as Defendants claim; and,

   k. Whether Plaintiffs and members of the classes have suffered damages and what the proper measure of those damages is.

51. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

52. Plaintiff's claims are typical of the claims of the class members. Named Plaintiff suffered similar injuries as those suffered by other members of the respective classes he seeks to represent as a result of Defendants' failure to pay overtime compensation.

### Adequacy

53. Plaintiff is an adequate representative of the class he seeks to represent because his is a member of such class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

54. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult

for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR ARTICLES 6 and 19 and NYCRR §§138-2.1 *et seq.*
## FAILURE TO PAY MINIMUM WAGES UNDER NEW YORK LABOR LAW

55. Plaintiffs repeat and re-allege all the allegations set forth in each of the paragraphs above.

56. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652. As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR ARTICLES 6 and 19 and NYCRR §§138-2.1 *et seq.*
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

58. Plaintiff repeats and re-alleges all the allegations in the above paragraphs.

59. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

60. New York law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and in the manner and methods provided by the FLSA. 12 NYCRR§142-2.2.

61. By the above-alleged conduct, Defendants have failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

62. Plaintiff and the other members of the New York Class are and were not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any exemptions. Moreover, upon information and belief, Loan Officers were and are subject to pay deductions by Defendants that defeat any claim to exemption.

63. Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of overtime compensation.

64. In the course of perpetrating these unlawful practices, Defendants have willfully failed to keep accurate records of all hours worked by loan officers in violation of the New York Labor Articles.

65. Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the New York Labor Articles, and Defendants have not acted in good faith with respect to the conduct alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, Erik H. Langeland, P.C., demand judgment against the Defendants, jointly and severally and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of his damages, the costs of this action and as follows:

B. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Loan Officers employed by the Defendants during the three years immediately preceding this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were not paid minimum wage or worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime as required by the FLSA;

C. Authorize Plaintiffs to certify their claims under the state law of New York;

D. Declare and find that the Defendants committed one or more of the following acts:

    1. Violated overtime provisions of the FLSA by failing to pay minimum wages or overtime wages to Plaintiffs and similarly situated persons who opt-in to this action; and

    2. Willfully violated minimum wage and overtime provisions of the FLSA

E. Award compensatory damages, including all minimum wage and overtime compensation owed, in an amount according to proof;

F. Award liquidated damages on Plaintiffs' FLSA claims only. Plaintiffs specifically waive any claims to liquidated damages under the New York Labor Articles;

G. Award interest on all overtime compensation due accruing from the date such amounts were due;

H. Award all costs and attorney's fees incurred in prosecuting this action;

I. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

J. Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: December 8, 2008

Respectfully Submitted

Erik H. Langeland (EL-7512)
Erik H. Langeland, P.C.
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com