UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MATTHEW SEXTON, Individually, and     08 CV 4950
on Behalf of All Others Similarly Situated,     (JFB) (ARL)

                          Plaintiff,

   -against-

FRANKLIN FIRST FINANCIAL, LTD.,
and FREDERICK L. ASSINI,

                          Defendants.
------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION TO PROCEED AS A COLLECTIVE ACTION AND FACILITATE NOTICE UNDER 29 U.S.C SECTION 216(b)

### I.     COUNTERSTATEMENT OF FACTS

The plaintiff, Matthew Sexton, commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.* and Articles 6 and 19 of the New York State Labor Law ("NYLL") claiming that the defendants did not pay him and other alleged similarly situated employees minimum wages and overtime compensation (Docket No. 1). To date, Matthew Sexton and twenty-two other individuals claiming to have worked for the defendant, Franklin First Financial, LTD. (hereinafter "Franklin") as inside loan officers have filed consents to join this action (Docket No.'s 2, 8, 9, 10, 11, 12 and 14).

By this motion, the plaintiff, Matthew Sexton, only seeks conditional certification of his FLSA claims. As will be established herein, the sworn Declarations and Consents to Join Collective Action submitted in support of the subject motion all fail to make a modest factual showing sufficient to demonstrate that Matthew Sexton and potential

1

plaintiffs together were victims of a common policy or plan that violated the law. In fact, the documentary evidence submitted in opposition to the plaintiff's motion clearly demonstrates that the named plaintiff and opt in plaintiffs have intentionally submitted erroneous testimony to this Court in an effort to establish their burden of being similarly situated. In particular, the named plaintiff, Matthew Sexton, has purposely lied to this Court in an effort to establish a factual nexus between himself and other putative class members.

The lead plaintiff, Matthew Sexton, was employed by Franklin as an inside loan officer from June 9, 2008 until October 15, 2008. During his four months of employment, Matthew Sexton did not work any Saturdays or Sundays (Exhibit A). Matthew Sexton worked eight hours a day from Monday through Friday (Exhibit A). Matthew Sexton's time was recorded by Franklin (Exhibit A). Matthew Sexton did not even work one hour of overtime (Exhibit A). Further, Matthew Sexton was paid for every hour that he worked (Exhibit B). When Matthew Sexton left Franklin, he was duly paid for the final hours of his employment (Exhibit C).

Matthew Sexton states on his Consent to Join Collective Action form that he was not paid minimum wage and that he worked more than forty hours a week and was not paid overtime compensation (Docket No. 2-2). In his sworn declaration submitted to the Court, Matthew Sexton attests that he regularly worked in excess of 40 hours a week and often worked as much as 60 hours a week (Docket No. 16-4, par. 7). He states that he worked evenings, early mornings, and weekends (Docket No. 16-4, par. 7). Additionally, Matthew Sexton swears to the Court that Franklin did not record the time he worked or the time worked by other loan officers (Docket No. 16-4, par. 10). It is respectfully

submitted that the documents submitted in opposition to the plaintiff's motion clearly show that Matthew Sexton has purposely misled this Court and is attempting to obtain the relief requested in the subject motion through lies and deceit (Exhibits A, B, C).

Opt in plaintiff Bob Szwaja filed his Consent to Join Collective Action on January 15, 2009 (Docket No. 2-10). The Court should take note that Bob Szwaja is a lead plaintiff making identical claims against Premium Capital Funding in an action pending in this Court (Case No. 08 CV 4736). Bob Szwaja states in his consent form that he was employed at Franklin during the years 2004-2005 (Docket No. 2-10). Bob Szwaja filed his consent form more than three years after his employment with Franklin ended. His claims are thus time barred. Because Bob Szwaja was not employed by Franklin during the collective action time period, his Consent to Join Collective Action and sworn Declaration (Docket No. 16-12) are of no probative value.

The Court should take note that there are no claims in the Complaint, the Consents to Join Collective Action, and the Declarations that would invoke the tolling of the statute of limitations. However, the photographs and affidavits submitted herewith clearly establish that Franklin duly complied with 29 CFR 516.4 (Exhibits X, Y, Z).

Opt in plaintiff Richard Krudysz filed his Consent to Join Collective Action on January 15, 2009 (Docket No. 2-13). Richard Krudysz states on his consent form that his employment with Franklin ended in August, 2004. Mr. Krudysz's claims are clearly outside of the FLSA's allotted time period to raise a claim. Mr. Krudysz does not have knowledge as to what the defendants' practices were during the collective action time period because he was not employed by Franklin during that time. Thus, his Consent to

3

Join Collective Action and sworn Declaration (Docket No. 16-10) are of no probative value.

Opt in plaintiff Matthew Douglas filed his Consent to Join Collective Action on January 15, 2009 (Docket No. 2-5). Mr. Douglas' consent form states that his employment with Franklin ended in November, 2005. Clearly, Mr. Douglas' consent form is untimely and his sworn Declaration (Docket No. 16-6) is of no probative value.

Opt in plaintiff Steve Glauber filed his Consent to Join Collective Action on January 15, 2009 (Docket No. 2-7). Mr. Glauber's consent form states that his employment with Franklin ended in September, 2004. Clearly, Mr. Glauber's consent form is untimely and his sworn Declaration (Docket No. 16-8) is of no probative value.

Opt in plaintiff Eric Harris filed his Consent to Join Collective Action on January 15, 2009 (Docket No. 2-16). The consent form states that Eric Harris' employment with Franklin ended in August, 2005. Mr. Harris' consent form is untimely and of no probative vaule.

Opt in plaintiff Rohit Chetal filed his Consent to Join Collective Action on January 15, 2009 (Docket No. 2-9). Mr. Chetal's consent form states that his employment with Franklin ended in 2005. Mr. Chetal's consent form is untimely and of no probative value. The Court should take note that Rohit Chetal is an opt in plaintiff in the matter of <u>Szwaja v. Premium Capital Funding</u>, 08 CV 4736 (Docket No. 2-5).

Opt in plaintiff Paul Callender filed his Consent to Join Collective Action on January 28, 2009 (Docket No. 9-2). Mr. Callender put "N/A" on the consent form in response to the section that states "Dates of Employment at Franklin First." Submitted herewith is the duly sworn Affidavit of Ellen Spaventa, the Human Resources Manager

4

for Franklin (Exhibit X). In her Affidavit, Ms. Spaventa attests that Paul Callender was employed at Franklin from May 2, 2005 until July 5, 2005 (Exhibit X). Thus, Mr. Callender's consent form is untimely and of no probative value.

Opt in plaintiff Patrick Varano filed his Consent to Join Collective Action on February 10, 2009 (Docket No. 12-2). The consent form does not state Mr. Varano's dates of employment at Franklin. However, Ms. Spaventa attests in her sworn affidavit that Patrick Varano's employment with Franklin ended on December 12, 2005 (Exhibit X). Mr. Varano's consent form is thus untimely and of no probative value.

Opt in plaintiff Peter DeBartoli was employed by Franklin as an outside sales loan officer for one week, from September 2, 2008 until September 9, 2008 (Exhibit X). Mr. DeBartoli applied for an outside sales loan officer position and signed an employment agreement stating that he was an outside sales loan officer (Exhibit D). As set forth in the sworn affidavit of Keith Dizeo, Franklin's Vice President of Branch Operations, Franklin's outside sales loan officers primarily perform their work away from an office location (Exhibit Y). The outside sales loan officers primarily perform field work and make their own schedules. However, in his sworn Declaration, Mr. DeBartoli states that he worked as an inside loan officer (Docket No. 16-5, par. 2). He states that his primary duty was to sell loans to prospective customers on the telephone from the defendants' office (Docket No. 16-5, par. 5). Even though he was employed at Franklin for a mere week, Mr. DeBartoli swears that he regularly worked in excess of 40 hours per week and oftentimes worked evenings, early mornings and weekends (Docket No. 16-5, par. 5). Mr. DeBartoli's claims are clearly contradicted by documentary evidence submitted herewith. Thus, his sworn Declaration should not be given any weight by the Court.

Opt in plaintiff Peter Antosiewicz was employed by Franklin as an inside loan officer at its Syosset, New York location. That location closed on June 23, 2008. At the time that Peter Antosiewicz left Franklin's employment, he signed a release stating that he was paid in full for all commissions, salary, overtime, and benefits (Exhibit E). Mr. Antosiewicz was given a sum of money to execute a release discharging Franklin from any and all claims. The time sheets for Mr. Antosiewicz indicate that some weeks he worked forty hours and other weeks he worked in the evenings for three hours (Exhibit F). However, Mr. Antosiewicz never worked overtime. He also received compensation during almost every pay period in which he was employed by Franklin (Exhibit G).

Opt in plaintiff William Telford was employed by Franklin as an inside loan officer from April 24, 2008 until June 23, 2008. The time sheets for Mr. Telford demonstrate that some weeks he worked in the evenings for three hours and other weeks he worked forty hours (Exhibit H). Mr. Telford did not work even one hour of overtime and was paid for every hour that he worked (Exhibit I). In his sworn declaration, Mr. Telford states that he regularly worked in excess of 40 hours per week and often worked evenings, early mornings, and weekends (Docket No. 16-13, par. 7). Mr. Telford conveniently forgot to state that when he worked evening hours, he arrived at work at 6:00 p.m. for the first time that day. Mr. Telford also attests that his time was not recorded and there was no record keeping system (Docket No. 16-13, par. 10). This is obviously untrue given the signed time records submitted herewith (Exhibit H). Additionally, at the end of his employment, Mr. Telford received compensation for signing an Employee Settlement and Release Agreement discharging Franklin from any and all claims (Exhibit J).

6

Opt in plaintiff Gregory Psitos was employed by Franklin as an inside loan officer at Franklin's Syosset location. When the Syosset location closed on June 23, 2008, Gregory Psitos executed an Employee Settlement and Release Agreement (Exhibit M). The time sheets for Mr. Psitos demonstrate that he never worked overtime (Exhibit K). In fact, some weeks Mr. Psitos worked forty hours, and other weeks he worked from 3 p.m. to 9 p.m. or from 5 p.m. to 8 p.m. Mr. Psitos received compensation during every pay period during the course of his employment with Franklin (Exhibit L).

Opt in plaintiff Nicholas Peligrinis was employed by Franklin as an inside loan officer from on or about March 11, 2008 until on or about April 18, 2008. The time sheets for Mr. Peligrinis demonstrate that at most, he worked forty hours in a week (Exhibit N). He never worked overtime and was paid for every hour that he worked (Exhibit O).

Opt in plaintiff Charles Gianchetta was employed by Franklin as an inside loan officer from June 11, 2008 to on or about July 31, 2008. The time sheets for Mr. Gianchetta demonstrate that he worked forty hours a week (Exhibit P). He was also paid for every hour that he worked (Exhibit Q).

Opt in plaintiff Christan Siefert was employed by Franklin as an inside loan officer from on or about March 11, 2008 until on or about April 7, 2008. The time sheets for Mr. Siefert indicate that he worked only forty hours a week and never worked overtime (Exhibit R). When Mr. Siefert applied for a position with Franklin, he specifically stated that he could not work weekends, evenings, nights, or overtime (Exhibit T). Mr. Siefert was paid during every pay period in which he was employed by Franklin (Exhibit S). In his sworn declaration, Mr. Siefert claims that the defendants did

7

not record the time that he worked or the time worked by other loan officers (Docket No. 16-11). This is obviously untrue given the documentation submitted herewith.

Opt in plaintiff Gaurav Khanna claims that he worked at Franklin from February, 2007 until May, 2007 (Docket No. 11-2). In the matter of Szwaja v. Premium Capital Funding, 08 CV 4736, Gaurav Khanna, an opt in plaintiff therein, claims that he worked at Premium Capital Funding during the months of February, March, and April, 2007 (Docket No. 27-6). Clearly, the consent form of Mr. Khanna should not be considered by the Court as it is erroneous and misleading.

Opt in plaintiff Gary Hosking was last employed by Franklin on April 21, 2006 (Exhibit X). He was employed as a loan officer at Franklin's Hauppauge location. The Hauppauge location closed on November 1, 2007 (Exhibit Y) Gary Hosking filed his Consent to Join Collective Action on February 4, 2009 (Docket No. 10-2). Thus, his claim is limited to a two month period. On April 3, 2006, during the collective action period, Mr. Hosking stated in an email that he gets into work at 11:00 a.m. and works to 4:00 p.m. (Exhibit U). Mr. Hosking then stated that he comes back to work at 6:00 p.m. Mr. Hosking obviously did not work overtime given the situation with his 12 year old son and the fact that he was sharing two cars between three drivers (Exhibit U). Additionally, it is obvious that Mr. Hosking was not working 60 hours a week and early mornings as he has attested to in his sworn Declaration (Docket No. 16-9, par. 7). Further, the Court should take note that Mr. Hosking is the lead plaintiff in the matter of Hosking v. New World Mortgage, Inc., 07 CV 2200, pending in this Courthouse. Mr. Hosking makes the same claims in that action as he does herein.

Opt in plaintiff Aaron Beta was employed by Franklin as a loan officer for a four month period of time from May 14, 2007 until September 21, 2007. At the end of his employment, Mr. Beta signed an Employee Settlement and Release Agreement.

II.     LEGAL ARGUMENT

A.      Conditional Certification Should be Denied at this Juncture

In Amendola v. Bristol-Myers Squibb Co., 2008 U.S. Dist. LEXIS 43681 (S.D.N.Y. 2008), the Honorable Justice Denise Cote denied the plaintiff's motion for conditional certification. Id. The Amendola Court held that "where a defendant employer shows either that the potential recipients of the notice are not similarly situated to the plaintiff or that it will likely succeed at trial in proving that the employees are not entitled under the FLSA to overtime compensation, a court may refuse to authorize notice or postpone deciding the issue pending further discovery and motion practice." Id. at *18-19.

In Castro v. Spice Place, Inc., 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y. 2009), the Court held that at the conditional certification stage, the plaintiffs must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. Id. at *5 (citation omitted). The Court further held that the Court must determine whether there is a factual nexus between the named plaintiff's situation and the situation of other current and former employees. Id. at *5 (quotation omitted). The Castro Court then determined that the plaintiffs did not demonstrate the existence of a common policy or plan. Id. at *5.

In Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. 2006), the Honorable Denny Chin held that the plaintiffs must make a modest factual showing

9

sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. Id. at *4 (quotation omitted). Justice Chin further held that the plaintiffs have not met their burden. Id. at *5.

In Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. 2008), the Court held that "the Plaintiffs have failed to provide allegations of the factual nexus between the named Plaintiffs and other putative class members. The affidavits by the former employees appear to be boilerplate and virtually identical. Id. at *6. As a result, the Court denied the plaintiffs' conditional certification motion. Id. at *11.

In Myers v. The Hertz Corp., 2007 U.S. Dist. Lexis 53572 (E.D.N.Y. 2007), the Honorable Justice Brian M. Cogan denied the plaintiff's motion for class certification of her state law claims. Id. In doing so, Justice Cogan referred to Justice Denis R. Hurley's May 6, 2005 decision in the same case denying the plaintiff conditional certification of her FLSA claims. Id. at *2-3. Justice Cogan cited to Justice Hurley's holding that a collective action could not proceed because such "would require the Court to make [a] fact-intensive inquiry into each potential plaintiff's employment status." Id. at *3.

In Diaz v. Electronics Boutique of America, Inc., 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. 2005), the Honorable Justice John T. Elfvin denied the plaintiffs' motion for conditional certification. Id. Justice Elfvin held that although "SMs share the same job description, their responsibilities, in fact, may differ and thus a highly fact-specific and detailed analysis of each SM's duties is required, making class treatment inappropriate." Id. at *14.

In <u>Iriarte v. Redwood Deli and Catering, Inc.</u>, 2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. 2008), the Court held that on motions for conditional certification, Courts consider the defenses available to defendants which appear to be individual to each plaintiff. <u>Id.</u>

Here, the lead plaintiff, Matthew Sexton, has completely failed to make a modest factual showing sufficient to demonstrate that he and potential plaintiffs together were victims of a common policy or plan that violated the law. Mr. Sexton has intentionally misled this Court. Mr. Sexton signed time sheets demonstrating that he never worked overtime and never worked weekends (Exhibit A). Yet, Mr. Sexton will have this Court believe that nobody recorded his time, that he worked weekends, and that he worked as many as 60 hours per week (Docket No. 16-4 par. 7, 10). Although Mr. Sexton was paid for every hour that he worked (Exhibits B, C), he submitted a Consent to Join Collective Action claiming that he was not paid minimum wage (Docket No. 2-2). Clearly, Franklin has a defense that is entirely individual to the lead plaintiff, Matthew Sexton. Further, Matthew Sexton cannot establish a factual nexus between himself and other putative collective action members through lies and deceit.

The opt in plaintiffs have also entirely failed to meet their burden. The Declarations and Consents to Join Collective Action are all boilerplate and virtually identical. The sworn Declarations of Bob Szwaja, Steve Glauber, Matthew Douglas, and Richard Krudysz are of no probative value because these individuals were all employed by Franklin outside of the collective action time period. *See* 29 U.S.C. section 255(a); 29 U.S.C. section 256. Their Declarations are meaningless and cannot be used to establish a common policy or plan that violated the law. The Consents to Join Collective Action of

11

Bob Szwaja, Richard Krudysz, Matthew Douglas, Eric Harris, Steve Glauber, Rohit Chetal, Paul Callender, and Patrick Varano are also of no probative value for the same reason. These individuals cannot meet their burden if they were not employed by Franklin during the relevant time period.

Additionally, it appears that these opt in plaintiffs may allege equitable tolling of the statute of limitations in this matter (Docket No. 21). If such is the case, a highly fact-specific and detailed analysis for each individual opt in plaintiff will have to be conducted. Clearly, Franklin's defenses are highly individual to these particular opt in plaintiffs.

Opt in plaintiff Peter DeBartoli was employed by Franklin for a mere week. Mr. DeBartoli applied for an outside sales loan officer position and signed an employment agreement stating that he was an outside sales loan officer (Exhibit D). However, Mr. DeBartoli has submitted a sworn Declaration to the Court attesting that he was an inside loan officer working at Franklin's West Hempstead location. Clearly, Mr. DeBartoli has intentionally lied to this Court. Thus, his sworn Declaration and Consent to Join Collective Action should be given no weight whatsoever by the Court in deciding the subject motion. Additionally, Franklin has defenses that are individual to this opt in plaintiff.

Opt in plaintiff William Telford has submitted a sworn Declaration attesting that he regularly worked in excess of 40 hours per week and that his time was not recorded by Franklin. The signed time sheets submitted herewith clearly demonstrate that Mr. Telford is not being truthful with the Court (Exhibit H). Mr. Telford did not work any weekends, he often worked only three hours a day, and skipped working altogether on

12

many weekdays. Moreover, Mr. Telford signed an Employee Settlement and Release Agreement and received $3278.00 from Franklin as consideration (Exhibit J). Clearly, Franklin has defenses that are individual to this opt in plaintiff.

The signed time sheets for opt in plaintiff Peter Antosiewicz establish that he never worked overtime (Exhibit F). In fact, some weeks he worked forty hours and other weeks he only worked in the evenings for three hours. Additionally, Peter Antosiewicz signed a release stating that he was paid in full for all commissions, salary, overtime, and benefits (Exhibit E). Mr. Antosiewicz was paid $1,186.11 for signing this release. Thus, Franklin has defenses that are individual to this opt in plaintiff.

The signed time sheets for opt in plaintiffs Gregory Psitos, Nicholas Peligrinis, and Christian Siefert all demonstrate that they did not work even one hour of overtime. Further, they were paid during every pay period during the course of their employment with Franklin. Gregory Psitos signed an Employee Settlement and Release Agreement (Exhibit M). Opt in plaintiff Aaron Beta signed an Employee Settlement and Release Agreement. Clearly, Franklin has defenses that are highly individual to these opt in plaintiffs.

The other opt in plaintiffs have all failed to make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. For example, opt in plaintiff Gaurav Khanna has claimed that he worked for both Franklin and Premium Capital Funding at the same time. Franklin has a defense that is undoubtedly individual to this opt in plaintiff. Opt in plaintiff Gary Hosking specifically stated that he worked from 11:00 a.m. to 4 p.m. and then came back at 6:00 p.m. (Exhibit U). He clearly was not working

13

60 hours a week and early mornings as attested to in his sworn Declaration (Docket No. 16-9, par. 7). Opt in plaintiff Charles Gianchetta was only employed by Franklin for a little over one month. He received compensation for every hour that he worked and his time was recorded (Exhibits P, Q). Clearly, Franklin has defenses that are individual to these opt in plaintiffs.

The named plaintiff's and the opt in plaintiffs' Declarations and Consents to Join Collective Action all do not make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. The named plaintiff and opt in plaintiffs cannot show that they are even similarly situated to each other. Further, a factual nexus between the named plaintiff's situation and the situation of other current and former employees of Franklin has not been established. As set forth herein, Franklin has defenses that are individual to the named plaintiff as well as to each opt in plaintiff. It is impossible to proceed collectively herein because to do so would require the Court to conduct a highly fact-specific and detailed analysis of all the defenses that Franklin has with respect to the named plaintiff, opt in plaintiffs, and potential plaintiffs. Thus, the plaintiff's motion should be denied in its entirety.

B.   The Proposed Notice is Defective

If the Court grants the plaintiff's motion, it is respectfully submitted that the Court should reject the proposed notice submitted with the plaintiff's application. First, the plaintiff shall bear the cost of sending out any notice. Hallissey v. America Online, Inc., 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. 2008). The notice period should be sixty (60) days. Id. at *12-13. The notice needs to state that if potential plaintiffs opt in, they may

be asked to appear for depositions, respond to written discovery, testify at trial, and pay costs to the defendants if they do not prevail. Id. at *12. The notice needs to state that opt in plaintiffs can join the lawsuit by counsel of their own choosing and that the written consents should be submitted directly to the Clerk of the Court. Id. at *10; Laroque v. Domino's Pizza, LLC, 2008 U.S. Dist. LEXIS 42924 at *28 (E.D.N.Y. 2008).

Additionally, all of the sworn declarations submitted to the Court in support of the subject motion state that the named plaintiff and opt in plaintiffs were inside loan officers. As set forth in the affidavit of Keith Dizeo, Franklin has a class of loan officers known as outside sales loan officers (Exhibit Y). The outside sales loan officers work in the field and perform their work primarily outside of any Franklin location. They make their own hours and work on their own time. The defendants request that any notice sent in this action be directed to inside sales loan officers only and that any list of employees disclosed in this action be limited to inside sales loan officers.

With regard to the Introduction section of the proposed notice, the defendants object to the characterization of the lawsuit as a class action. The plaintiff is moving for collective action certification. The defendants object to the statement that "[y]ou are 'similarly situated' to the Plaintiff in the lawsuit and, therefore, can join this lawsuit." It should read that you are "potentially similarly situated" to the Plaintiff. The defendants object to the statements "as required by law" that are contained in the notice. The defendants object to the use of the words "greatly in excess" in the description section of the lawsuit. The defendants request that the Introduction section state that the defendants deny the plaintiff's allegations and deny that they are liable to the plaintiff or any other inside sales loan officer for minimum wage, overtime, interest, statutory penalties,

15

reasonable attorney's fees, and litigation costs. Further, the defendants object to the opt in forms being mailed to Erik H. Langeland, P.C. and object to the legal representation of the opt in plaintiffs being limited to Erik H. Langeland, P.C. and Stephan Zouris, LLP.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court issue an Order denying the plaintiff's motion in its entirety. However, if the Court grants the plaintiff's motion, it is respectfully requested that the defendants' list of loan officers be limited to inside sales loan officers and that notice be sent only to inside sales loan officers. Further, it is respectfully requested that the notice be changed in accordance with what is requested herein.

                                Respectfully submitted,

                                Law Offices of Neil H. Greenberg & Associates, P.C.
                                Attorneys for the Defendants
                                By: Neil H. Greenberg, Esq. (NG 1307)
                                900 Merchants Concourse, Suite 314
                                Westbury, New York 11590
                                (516) 228-5100