

900 MERCHANTS CONCOURSE, SUITE 314, WESTBURY, NEW YORK 11590

NEIL H. GREENBERG
JUSTIN M. REILLY*

ROSA GUARINO-PARALEGAL

*ADMITTED IN NY & CT

April 13, 2010

VIA: ECF filing
Honorable Justice Arlene R. Lindsay
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-4438

         RE: Sexton et al. v. Franklin First Financial et al.
         08 CV 4950

Dear Honorable Justice Lindsay:

This office represents the defendants, Franklin First Financial, LTD., Frederick L. Assini, Keith Dizeo, and Ellen Spaventa (hereinafter "defendants") in the above matter.

Kindly accept this correspondence as the defendants' response to the plaintiffs' motion for a protective order limiting the defendants' interrogatory and document production requests.

As a preliminary matter, counsel for the plaintiffs never conferred with my office either by person or telephone to resolve this purported dispute. On February 2, 2010, the defendants served the plaintiffs with 8 interrogatory requests and document requests seeking the production of documents that were utilized in answering the 8 interrogatories. See "Exhibit A" and "Exhibit B" annexed to the plaintiffs' motion.

On March 5, 2010, my office received a request from Erik Langeland to extend the date for the plaintiffs to respond to the defendants' discovery demands to April 8, 2010. See "Exhibit A." I extended Mr. Langeland the courtesy he sought because I was under the impression that the plaintiffs were in the process of responding to the defendants' discovery demands and that the parties were moving forward with collective action discovery.

I also agreed to draft the joint motion for an extension of time to complete discovery under the assumption that the plaintiffs were responding to the defendants' discovery demands and that the parties would agree to a deposition schedule thereafter. See Docket #94. When I reminded the plaintiffs' counsel of the April 8, 2010 deadline, the plaintiffs then filed the instant application two days later, on April 9, 2010. See "Exhibit B." My office has had no discussions with the plaintiffs' counsel concerning this apparently new

discovery dispute and was under the impression for over two months that the plaintiffs were providing the information and documentation sought in the defendants' demands. It is respectfully submitted that the plaintiffs' application should be denied because the plaintiffs' counsel failed to follow Your Honor's Individual Practices regarding discovery disputes and because the subject application is untimely.

This matter is a FLSA collective action where there is a relatively small group of approximately 132 opt-in plaintiffs. This action was originally brought as a collective action pursuant to FLSA and a New York State law class action pursuant to Fed. R. Civ. P. 23. *See* Docket No. 1. However, since the filing of the complaint herein, the Honorable Justice Denis R. Hurley issued a Final Order and Judgment unconditionally certifying a Fed. R. Civ. P. 23 New York State law class in the matter of Hickmon v. Franklin First Financial, LTD., 06 CV 1686 (DRH)(ARL). *See* Docket No. 35. Thus, this matter is no longer a class action and remains only a collective action pursuant to FLSA where all collective action members are readily identified.

In his Memorandum and Order conditionally certifying this matter as a collective action, the Honorable Justice Joseph F. Bianco specifically referred to the "second phase" of the FLSA collective action inquiry. Docket No. 39 at p. 4. Justice Bianco stated that "the second phase of the FLSA collective action inquiry typically occurs after the completion of discovery; at that point, the court makes a factual finding based on the developed record as to whether or not the class members are actually 'similarly situated.' 'At that juncture, the court examines the evidentiary record to determine whether the opt-in plaintiffs are, in fact, similarly situated to the named plaintiff." Docket No. 39 at p. 4. In his Memorandum and Order, Justice Bianco also denied the defendants' motion for partial summary judgment seeking the dismissal of 8 opt-in plaintiffs' claims because they were time barred. Docket No. 39 at p. 19. Justice Bianco held that the defendants' motion was premature and that it could be re-filed at the close of discovery. Docket No. 39 at p. 19.

To date, the plaintiffs have only provided discovery for the named plaintiff, Matthew Sexton. Justice Bianco's Memorandum and Order clearly calls for a discovery phase where a detailed factual record would be developed. The opt-in plaintiffs all affirmatively opted into this lawsuit and freely chose to participate herein. The notice that the opt-ins received specifically stated that the opt-in plaintiffs may be called upon to testify, appear for depositions, and respond to discovery requests. Docket No. 39 at p. 14.

On December 29, 2009, the opt-in period ended in this action. In January, 2010, the defendants answered the plaintiffs' document demands and produced thousands of pages of documents relating to the employment of most of the opt-ins. These documents included, inter alia, time sheets, financials, and personnel files.

In February, 2010, the defendants served the plaintiff with interrogatory requests and document demands that were narrowly tailored and necessary for the defense of this action. The defendants are attempting to determine their possible exposure as well as

obtain discovery relevant to their anticipated motion for decertification. The interrogatories seek dates of employment, annual compensation, job title and duties, the manner in which the plaintiffs were paid, the amount of overtime hours worked, the identification of individuals who exercised control over the conditions of employment, and a breakdown of the compensation allegedly owed. The document demands seek the documents utilized in answering the interrogatory requests.

All opt-in plaintiffs are subject to the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A). *See* Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1179-1180 (9th Cir. 2008). In particular, all opt-in plaintiffs must provide a detailed computation of each category of damages claimed and the documents or other evidentiary material on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). The opt-in plaintiffs have not done this yet but instead have submitted a spread sheet that fails to comply with Fed. R. Civ. P. 26(a)(1)(A).

The defendants seek verified interrogatories and document responses because: (i) some of the opt-in plaintiffs were never employed by the defendants; (ii) some of the opt-in plaintiffs never showed up for their first day of work with the defendants, (iii) 32 of the opt-in plaintiffs filed claims in the Hickmon action and are receiving money from the settlement funds therein; (iv) 16 opt-in plaintiffs' claims are time barred under FLSA and some of them did not opt-out of the Hickmon lawsuit; (v) some of the opt-in plaintiffs fall within the executive exemption of FLSA; (vi) some of the opt-in plaintiffs fall within the outside sales exemption of FLSA; (vii) some of the opt-in plaintiffs were parties to an overtime settlement agreement in Federal Court in Florida; and (viii) many of the opt-in plaintiffs were paid minimum wage and signed time sheets indicating that they worked 40 hours or less each week. Because of these issues, it is impossible to conduct a "representative sample" of discovery as suggested by the plaintiffs.

There is a relatively small group of 132 opt-ins in this collective action. Courts have routinely ordered discovery in such cases. *See* Krueger v. New York Telephone Co., 163 F.R.D. 446 (S.D.N.Y. 1995) [permitting discovery of all 162 class members]; Rosen v. Reckitt & Coleman, Inc., 1994 U.S. Dist. LEXIS 16511 (S.D.N.Y. 1994) [permitting discovery of all 50 class members]; Coldiron v. Pizza Hut, Inc., 2004 U.S. Dist. LEXIS 23610 (C.D. Cal. Oct. 25, 2004 [permitting discovery of 306 opt-ins]; Kaas v. Pratt & Whitney, 1991 U.S. Dist. LEXIS 11177 (S.D. Fla. 1991) [permitting discovery of 100 opt-ins]; Brooks v. Farm Fresh, Inc., 759 F. Supp. 1185, 1188 (E.D. Va. 1991) [permitting discovery for 127 opt-ins]. Clearly, based upon the foregoing, the plaintiffs' motion for a protective order should be denied.

Yours truly,

Justin M. Reilly

# EXHIBIT A

## Justin Reilly

**From:** Erik Langeland [elangeland@langelandlaw.com]
**Sent:** Friday, March 05, 2010 3:03 PM
**To:** Justin Reilly
**Subject:** Sexton vs. Franklin First

Justin,

Would you extend the date for Plaintiffs' discovery responses until April 8, 2010?

Thank you,

Erik H. Langeland
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270 (Phone)
(212) 898-9086 (Fax)

4/12/2010

# EXHIBIT B

**Justin Reilly**

**From:** Justin Reilly
**Sent:** Wednesday, April 07, 2010 6:16 PM
**To:** 'jzouras@stephanzouras.com'
**Subject:** RE: Sexton v. Franklin First

Jim, I think tomorrow you are giving me responses to interrogatories with verifications and responses to document requests. Once I get those I can tell you what further discovery we would want. We only have until May 19 I believe to complete discovery. Justin

---

**From:** Jim Zouras [mailto:Jzouras@stephanzouras.com]
**Sent:** Wednesday, April 07, 2010 4:46 PM
**To:** Justin Reilly
**Cc:** 'Erik Langeland'; Ryan Stephan
**Subject:** RE: Sexton v. Franklin First

Justin –

I left you a message on Monday. Please get back to us on this. Thanks.

Jim

---

**From:** Jim Zouras [mailto:Jzouras@stephanzouras.com]
**Sent:** Wednesday, March 31, 2010 2:25 PM
**To:** 'Justin Reilly'
**Cc:** 'Erik Langeland'; Ryan Stephan
**Subject:** Sexton v. Franklin First

Justin –

Please find attached our calculation of damages in the above-captioned action which we make pursuant to Rule 26(a)(1)(A)(iii). Given the size of the attachment, we would request confirmation of its receipt.

To clarify the spreadsheet, the 12 individuals highlighted in red appear to have opted-in more than three years after their last date of employment. We are in the procesws of confirming this information. In addition, the Defendants have not provided dates of employment for the 19 individuals highlighted in yellow. Accordingly, we request pursuant to Rule 37 that the Defendants supplement their responses to written discovery with this information. Alternatively, sufficient information exists for a trier of fact to extrapolate damages for these 19 opt-ins.

In the meantime, we would like to discuss possible parameters for resolution and/or a discovery plan. Accordingly, please let us know your availability for such a conference this week or early next. Thank you.

Jim


James B. Zouras
STEPHAN ZOURAS, LLP
205 North Michigan Avenue
Suite 2560
Chicago, Illinois 60601
312 233 1550
312 233 1560 f

4/13/2010